■ In the Matter of CHARLES H. COLLISON, Appellant, v TOWN OF UNION et al., Respondents. [652 NYS2d 888] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 17, 1995 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Town Board of the Town of Union, inter alia, appointing respondent Jeffrey A. Tait as the Town Attorney.

In January 1995, the Town Board of the Town of Union (hereinafter the Board) appointed Richard Place as Town Attorney and petitioner as Deputy Town Attorney. In April 1995, Place submitted a letter of resignation effective May 12, 1995. Thereafter, petitioner prepared a resolution for the Board's consideration at its May 17, 1995 meeting, appointing petitioner Town Attorney for the remainder of Place's term. The Board declined to appoint petitioner Town Attorney and began interviewing potential candidates, including petitioner. In the interim, the Board appointed petitioner Acting Town Attorney until the appointment of a Town Attorney. On July 5, 1995, the Board appointed respondent Jeffrey A. Tait as Town Attorney, effective July 10, 1995.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking, inter alia, to annul the resolution appointing Tait as Town Attorney and a declaration that the resolution appointing petitioner Acting Town Attorney had the effect of appointing him Town Attorney. The Town moved for summary judgment dismissing the petition, which motion was granted, and this appeal ensued.

Petitioner's argument distills to the proposition that the Town Law makes no provision for the creation of the office of Acting Town Attorney and, therefore, the Town, by appointing

petitioner as such, effectively appointed him Town Attorney to fill the vacancy created by Place's resignation. We cannot agree. Assuming, without deciding, that the Board indeed attempted to create the office of Acting Town Attorney and, further, that it lacked the authority to do so, petitioner nonetheless is not entitled to the relief he now seeks. The record makes plain that the Board's intent in adopting the resolution in question was not to appoint petitioner Town Attorney but, rather, to have him act temporarily in that capacity until the Board selected a new Town Attorney. Hence, whether the resolution is valid ultimately is of no moment, as interpreting all or part of it in the fashion urged by petitioner would be completely contrary to the Board's intent. In view of this determination, it is unnecessary to reach petitioner's remaining contentions.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.